# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00859-WJM-KLM

**AMERICAN TRADITION INSTITUTE**,
**AMERICAN TRADITION PARTNERSHIP**, and
**ROD LUECK**,

      Plaintiffs,

v.

**THE STATE OF COLORADO**;
**JOHN HICKENLOOPER**, individually, and in his official capacity as Governor of Colorado;
**BARBARA J. KELLEY**, individually, and in her official capacity as Executive Director of the Colorado Department of Regulatory Agencies;
**JOSHUA EPEL**, individually, and in his official capacity as a Chairman of the Colorado Public Utilities Commission;
**JAMES TARPEY**, individually, and in his official capacity as a Commissioner of the Colorado Public Utilities Commission;
**MATT BAKER**, individually, and in his official capacity as a Commissioner of the Colorado Public Utilities Commission; and
**DOUG DEAN**, individually, and in his official capacity as Director of the Colorado Public Utilities Commission,

      Defendants,

**ENVIRONMENT COLORADO**,
**COLORADO ENVIRONMENTAL COALITION**,
**SIERRA CLUB**, and
**THE WILDERNESS SOCIETY**,

      Proposed Defendant-Intervenors.

_____

**[PROPOSED] ANSWER OF DEFENDANT-INTERVENORS ENVIRONMENT
COLORADO ET AL. TO AMERICAN TRADITION INSTITUTE ET AL.'S AMENDED
COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
_____

1. Paragraph 1 contains Plaintiffs' characterization of their case to which no answer is required. To the extent Paragraph 1 contains allegations that require a response, Proposed Defendant-Intervenors Environment Colorado, Colorado Environmental Coalition, the Sierra Club, and The Wilderness Society (collectively "Environment Colorado" or "EC") deny these allegations.

2. EC denies Paragraph 2.

## PARTIES

3. EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 3 and therefore denies them. EC denies the allegations in the final sentence of Paragraph 3.

4. EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 4 and therefore denies them. EC denies the allegations in the second sentence of Paragraph 4.

5. EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, and third through eighth, sentences of Paragraph 5, and therefore denies them. The second sentence of Paragraph 5 purports to characterize a declaration of Mr. Rod Lueck, which declaration is the best evidence of its contents. EC denies the allegations in the second sentence of Paragraph 5 to the extent inconsistent with Mr. Lueck's declaration. EC denies the allegations in the final sentence of Paragraph 5.

6. EC admits the statement in the first sentence of Paragraph 6 that the State of Colorado adopted and revised its RES codified at C.R.S. 40-2-124. EC denies the allegations in the second sentence of Paragraph 6.

7. EC admits the allegations in the first and third sentences of Paragraph 7. The second sentence of Paragraph 7 represents Plaintiffs' characterization of their complaint, to which no answer is required. EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 7, and therefore denies them.

8. EC admits first and third sentences of Paragraph 8. The second sentence of Paragraph 8 represents Plaintiffs' characterization of their complaint, to which no answer is required. EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 8, and therefore denies them.

9. EC denies the first sentence of Paragraph 9 and affirmatively states that Ron Binz is no longer the chairman of the Public Utilities Commission. The second sentence of Paragraph 9 represents Plaintiffs' characterization of their complaint, to which no answer is required. EC admits the allegations in the third sentence of Paragraph 9. EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 9, and therefore denies them.

10. EC admits the first and third sentences of Paragraph 10. The second sentence of Paragraph 10 represents Plaintiffs' characterization of their complaint, to which no answer is required. EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 10, and therefore denies them.

11. EC admits the first sentence of Paragraph 11. The second sentence of Paragraph 11 represents Plaintiffs' characterization of their complaint, to which no answer is required. The allegations in the third sentence of Paragraph 11 are ambiguous and vague, and so EC denies

them.  EC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in the final sentence of Paragraph 11, and therefore denies them.

12.      EC admits the first sentence of Paragraph 12.  The second sentence of Paragraph

12 represents Plaintiffs' characterization of their complaint, to which no answer is required.  The

allegations in the third sentence of Paragraph 12 are ambiguous and vague, and so  EC denies

them.  EC lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in the final sentence of Paragraph 12, and therefore denies them.

## JURISDICTION AND VENUE

13.      Sentence one of Paragraph 13 contains legal assertions that require no answer.  To

the extent a response is required, EC denies them.  EC denies the allegations in sentence two of

Paragraph 13.

14.      Paragraph 14 contains legal assertions that require no answer.  To the extent a

response is required, EC denies them.

15.      EC denies the allegations in Paragraph 15.

16.      EC denies the allegations in Paragraph 16.

## THE COMMERCE CLAUSE

17.      Paragraph 17 purports to characterize and quote from a decision of the U.S. Court

of Appeals for the Tenth Circuit, which decision is the best evidence of its contents.   EC denies

the allegations in Paragraph 17 to the extent inconsistent with the Tenth Circuit's decision.

18.      EC denies the allegations in Paragraph 18.

19.      EC lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 19 and therefore denies them.

20.     EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 20 and therefore denies them.  The third and fourth sentences of Paragraph 20 purport to characterize a hearing transcript and testimony, which transcript and testimony are the best evidence of their contents.  EC denies the allegations in the third and fourth sentences of Paragraph 20 to the extent inconsistent with that transcript and testimony.

21.     Paragraph 21 purports to characterize and quote from a publication prepared for the National Association of Regulatory Utility Commissioners, which publication is the best evidence of its contents.  EC denies the allegations in Paragraph 21 to the extent inconsistent with the cited publication prepared for the National Association of Regulatory Utility Commissioners.

## FACTS ON INTERSTATE COMMERCE OF ELECTRICITY

22.     Paragraph 22 is a statement that the complaint relied upon and includes by references two declarations, a characterization that requires no answer.  To the extent a response to the statement in Paragraph 22 is required, EC denies it.

## I.     RETAIL ELECTRICITY SALES IN COLORADO ARE INTERSTATE COMMERCE

### A.     Electricity Basics

23.     The allegations in Paragraph 23 are ambiguous, subjective, and vague, and so EC denies them.

24.     The allegations in Paragraph 24 purport to explain the purpose of this section of the complaint, allegations that require no answer.  To the extent an answer is required, EC denies them.

25.     The allegations in the first two sentences of Paragraph 25 are ambiguous, subjective, and vague, and so EC denies them.  EC admits the allegations in the third through eighth sentences of Paragraph 25.

26.     EC denies the allegations in the first sentence of Paragraph 26.  The second sentence of Paragraph 26 states that understanding the complaint may require an understanding of "some core terms of in the electricity industry," an assertion that requires no answer.  To the extent an answer is required, EC denies the second sentence of Paragraph 26.

27.     EC admits the first sentence of Paragraph 27.  EC denies the second and third sentences of Paragraph 27.

28.     EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 28 and therefore denies them.  The allegations in the second sentence of Paragraph 28 are ambiguous, subjective, and vague, and so EC denies them.

29.     The allegations in Paragraph 29 are ambiguous, subjective, and vague, and so EC denies them.

30.     The allegations in Paragraph 30 are ambiguous, subjective, and vague, and so EC denies them.

31.     EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 31 and therefore denies them.  EC denies the allegations in the third sentence of Paragraph 31.

32.     The allegations in Paragraph 32 are ambiguous, subjective, and vague, and so EC denies them.

33.     EC denies the allegations of Paragraph 33.

34.     The allegations in Paragraph 34 are ambiguous, subjective, and vague, and so EC denies them.

35.     EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 35 and therefore denies them.  The allegations in the second sentence of Paragraph 35 are ambiguous, subjective, and vague, and so EC denies them.

36.     The allegations in the first sentence of Paragraph 36 are ambiguous, subjective, and vague, and so EC denies them.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 36 and therefore denies them.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of Paragraph 36, and therefore denies them.  denies the allegations in the third sentence of Paragraph 36.

37.     The allegations in Paragraph 37 are ambiguous, subjective, and vague, and so EC denies them.

38.     The allegations in Paragraph 38 are ambiguous, subjective, and vague, and so EC denies them.

39.     The allegations in Paragraph 39 are ambiguous, subjective, and vague, and so EC denies them.

40.     The allegations in Paragraph 40 are ambiguous, subjective, and vague, and so EC denies them.

41.     The allegations in Paragraph 41 are ambiguous, subjective, and vague, and so EC denies them.

42.     The allegations in Paragraph 42 are ambiguous, subjective, and vague, and so EC denies them.

43.     EC denies the allegations in Paragraph 43.

44.     EC denies the allegations in Paragraph 44.

45.     EC denies the allegations in Paragraph 45.

**B.     Retail Electricity Is Delivered Through An Interstate "Grid"**

46.     The allegations in Paragraph 46 are ambiguous, subjective, and vague, and so EC denies them.

47.     The allegations in Paragraph 47 are ambiguous, subjective, and vague, and so EC denies them.

48.     The allegations in the first sentence of Paragraph 48 are ambiguous, subjective, and vague, and so EC denies them.  EC denies the allegations of the second sentence of Paragraph 48.

49.     The allegations in Paragraph 49 are ambiguous, subjective, and vague, and so EC denies them.

50.     EC denies the allegations of Paragraph 50.

51.     The allegations in Paragraph 51 are ambiguous, subjective, and vague, and so EC denies them.

52.     The allegations in Paragraph 52 are legal conclusions to which no response is required.  To the extent a response is required, EC denies the allegations of Paragraph 52.

C.      **Colorado Retail Electricity Is Delivered Through An Interstate "Grid"**

53.      The allegations in the first sentence of Paragraph 53 are ambiguous, subjective, and vague, and so EC denies them.  EC denies the allegations in the second and third sentences of Paragraph 53.

54.      EC denies the allegations in Paragraph 54.

55.      EC admits the allegations in the first, second and eighth sentences of Paragraph 55.  The allegations in the third sentence of Paragraph 55 are ambiguous, subjective, and vague, and so EC denies them.  EC denies the fourth and fifth sentences of Paragraph 55.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth and seventh sentences of Paragraph 55 and therefore denies them.

56.      EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

57.      The allegations in Paragraph 57 are ambiguous, subjective, and vague, and so EC denies them.

58.      EC admits Paragraph 58.

59.      The allegations in Paragraph 59 are ambiguous, subjective, and vague, and so EC denies them.

II.      **THE STATUTORY MANDATE TO MEET RENEWABLE ENERGY STANDARDS FACIALLY VIOLATES THE INTERSTATE COMMERCE CLAUSE, OR IMPERMISSIBLY IMPOSES A BURDEN ON INTERSTATE COMMERCE INCOMMENSURATE WITH THE LOCAL BENEFITS SECURED.**

**A.    State Mandates That Require A Certain Proportion Of Retail Electricity Sales To Be Generated By Renewable Sources Blocks The Flow Of, And Creates An Impermissible Burden On Interstate Commerce.**

60.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies them.

61.    The allegations in Paragraph 61 are ambiguous, subjective, and vague, and so EC denies them.

62.    EC denies the allegations in Paragraph 62.

**B.    Three Purposes Of Colorado's Renewable Energy Standard Are Designed To Discriminate Or Otherwise Impermissibly Burden Interstate Commerce.**

63.    EC admits the first sentence of Paragraph 63.  The second sentence of Paragraph 63 purports to characterize and quote from the initiated measure, Amendment 37, which is the best evidence of its contents.  EC denies the allegations in the second sentence of Paragraph 63, to the extent they are inconsistent with Amendment 37.

64.    EC denies the allegations in Paragraph 64.

65.    EC denies the allegations in Paragraph 65.

66.    EC denies the allegations in Paragraph 66.

67.    EC denies the allegations in Paragraph 67.

**C.    The Electric Resource Standards Program And The Municipally-Owned Electric Utility Program Are Facially Discriminatory To, Or Otherwise Impermissibly Burden Interstate Commerce.**

68.    The allegations of Paragraph 68 state legal conclusions to which no response is required.  To the extent a response is necessary, EC denies the allegations of Paragraph 68.

69.     The allegations of Paragraph 69state legal conclusions to which no response is required.  To the extent a response is necessary, EC denies the allegations of Paragraph 69.

70.     The allegations of Paragraph 70 state legal conclusions to which no response is required.  To the extent a response is necessary, EC denies the allegations of Paragraph 70.

71.     The allegations of Paragraph 71 state legal conclusions to which no response is required.  To the extent a response is necessary, EC denies the allegations of Paragraph 71.

72.     The allegations of Paragraph 72 state legal conclusions to which no response is required.  To the extent a response is necessary, EC denies the allegations of Paragraph 72.

73.     The allegations of Paragraph 73 state legal conclusions to which no response is necessary.  To the extent a response is required, EC denies the allegations of Paragraph 73.

74.     The allegations of Paragraph 74 state legal conclusions to which no response is required.  To the extent a response is necessary, EC denies the allegations of Paragraph 74.

### D.     **The Tradable Renewable Energy Credits Limitation Program Impermissibly Imposes Extraterritorial Control of Commerce**

75.     The allegations of Paragraph 75 state legal conclusions to which no response is required.  . To the extent a response is required, EC denies the allegations of Paragraph 75.

### E.     **The Standard Rebate Offer Program Imposes A Burden On Interstate Commerce Incommensurate With The Local Benefits Secured.**

76.     The allegations of Paragraph 76 state legal conclusions to which no response is required.  To the extent a response is necessary, EC denies the allegations of Paragraph 76.

    **F.**    **The Recovery Of Costs Incentives Program Imposes A Burden On Interstate Commerce Incommensurate With The Local Benefits Secured.**

77.    The allegations of Paragraph 77 state legal conclusions to which no response is required.  To the extent a response is necessary, EC denies the allegations of Paragraph 77.

    **G.**    **The Retail Rate Impact Rule Imposes A Burden On Interstate Commerce Incommensurate With The Local Benefits Secured.**

78.    The allegations of Paragraph 78 state legal conclusions to which no response is required.  To the extent a response is necessary, EC denies the allegations of Paragraph 78.

**III.**    **COLORADO RENEWABLE ENERGY STANDARDS IMPOSE BURDENS ON INTERSTATE COMMERCE CLEARLY EXCESSIVE IN RELATION TO THE LOCAL BENEFITS OF THE MANDATES**

    **A.**    **Electricity Generation Must Be Reliable**

79.    The allegations in the Paragraph 79 are ambiguous, subjective, and vague, and so EC denies them.

80.    The allegations in Paragraph 80 are ambiguous, subjective, and vague, and so EC denies them.

81.    The first sentence of Paragraph 81 purports to characterize a report of the Colorado Energy Forum, which report is the best evidence of its contents.  EC denies the allegations in the first sentence of Paragraph 81 to the extent inconsistent with the identified report.  The allegations in the second sentence of Paragraph 81 are ambiguous, subjective, and vague, and so EC denies them.

82.    The allegations in Paragraph 82 are ambiguous, subjective, and vague, and so EC denies them.

### B.   The Mandated Renewable Energy Is Unreliable

83.    EC admits that renewable energy in Colorado derives in part from hydropower and wind, as alleged in the first sentence of Paragraph 83.   EC lacks knowledge or information sufficient to form a belief as to the truth of allegations in the remainder of the first sentence, and the second sentence, of Paragraph 83 and therefore denies them.  The allegations in the third sentence of Paragraph 83 are ambiguous, subjective, and vague, and so EC denies them.

84.    The allegations in the first two sentences of Paragraph 84 are ambiguous, subjective, and vague, and so EC denies them.  EC denies the third sentence of Paragraph 84. EC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84, and therefore denies them.

85.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 85, and therefore denies them.

86.    EC denies the allegations in the first sentence of Paragraph 86.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 86; furthermore, the allegations in that sentence are ambiguous, subjective, and vague.  Therefore EC denies the allegations in the second sentence of Paragraph 86.

87.    EC denies the allegations in Paragraph 87.

### C.   Unreliable Sources Must Be Mated With Reliable Sources

88.    The allegations in Paragraph 88 are ambiguous, subjective, and vague, and therefore EC denies them.

89.     EC denies the first three sentences of Paragraph 89.   EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 89, and therefore EC denies them.

90.     EC denies the first, second, and fourth through seventh sentences of Paragraph 90. The allegations in the third sentence of Paragraph 90 are ambiguous, subjective, and vague, and therefore EC denies them.  .

91.     Because the allegations in Paragraph 91 are ambiguous, subjective, and vague, and because EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, EC denies them.

92.     The allegations in the first and third sentences of Paragraph 92 are ambiguous, subjective, and vague, and therefore EC denies them.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 92, and therefore denies them.

93.     EC denies the first sentence of Paragraph 93.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 93 and therefore denies them.  The allegations in the third sentence of Paragraph 93 are ambiguous, subjective, and vague, and therefore EC denies them.

94.     EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 94; furthermore, the allegations in that sentence are ambiguous, subjective, and vague.  Therefore EC denies the allegations in the first sentence of Paragraph 94.  EC lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in the second and third sentences of Paragraph 94 and therefore denies them.  EC denies the final sentence of Paragraph 94.

### D.      Renewable Sources Do Not Save Consumers And Businesses Money

95.      EC denies the allegations in Paragraph 95.

96.      EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 94; furthermore, the allegations in those sentences are ambiguous, subjective, and vague.  Therefore EC denies the allegations in the first and second sentences of Paragraph 96.  The third through seventh sentences of Paragraph 96 purport to characterize December 2009 and December 2010 projections of future electricity costs, which projections are the best evidence of their contents.  EC denies the allegations in the third through seventh sentences of Paragraph 96, to the extent inconsistent with the identified projections.

97.      EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 97, and therefore EC denies them.

98.      EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 98; furthermore, the allegations in Paragraph 98 are ambiguous, subjective, and vague.  For both of these reasons, EC denies the allegation in the first and third sentences of Paragraph 98.  EC denies the second sentence of Paragraph 98.

99.      EC admits the first sentence in Paragraph 99.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 99 and therefore denies them.

100.     EC denies the allegations in Paragraph 100.

101.     EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 101; furthermore, the allegations in the first two sentences of Paragraph 101 are ambiguous, subjective, and vague.  For both of these reasons, EC denies the allegations in the first two sentences of Paragraph 101.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third through fifth sentences of Paragraph 101; furthermore, the allegations in Paragraph 101 are ambiguous, subjective, and vague.  For both of these reasons, EC denies the allegations in the third through fifth sentences of Paragraph 101.

102.     EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102; furthermore, the allegations in Paragraph 102 are ambiguous, subjective, and vague.  For both of these reasons, EC denies the allegations in Paragraph 102.

103.     EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103; furthermore, the allegations in Paragraph 103 are ambiguous, subjective, and vague.  For both of these reasons, EC denies the allegations in Paragraph 103.

### E.     Renewable Sources Do Not Minimize Water Use For Electricity Generation

104.     EC denies the first sentence of Paragraph 104.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 104.

105.     EC denies the allegations of Paragraph 105.

### F.      Renewable Sources Do Not Reduce The Impact Of Volatile Fuel Prices

106.     EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and third sentences of Paragraph 106 and therefore denies them.  EC denies the allegations in sentence four of Paragraph 106.

### G.      Renewable Sources Cause More Pollution And Do Not Improve The Natural Environment Of The State

107.     EC denies the allegations in Paragraph 107.

108.     EC denies the allegations in sentence one of Paragraph 108.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences two and three of Paragraph 108 and therefore denies them.

109.     EC admits that two significant pollutants regulated under the federal Clean Air Act and emitted by fossil fuel electricity generation units are sulfur dioxide ($SO_2$) which causes acid rain and nitrogen oxides ($NO_x$) which causes smog, as alleged in the first sentence of Paragraph 109.  EC denies the remainder of allegations in the first sentence of Paragraph 109. EC admits that carbon dioxide is a regulated pollutant under the Clean Air Act, as implied by the second sentence of Paragraph 109.  EC lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the second sentence of Paragraph 109 and therefore denies them.

110.     EC denies Paragraph 110.

111.     EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 111 , which are ambiguous, subjective and vague.  EC therefore denies the allegations of Paragraph 111.

112.    EC denies the first sentence of Paragraph 112.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 112 and therefore denies them.

113.    The allegations in the first sentence of Paragraph 113 are ambiguous, subjective, and vague, and EC therefore denies them.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second through fifth sentences of Paragraph 113; furthermore, the allegations in the second through fifth sentences of Paragraph 113 are ambiguous, subjective, and vague.  For both of these reasons, EC denies the allegations in the second through fifth sentences of Paragraph 113.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 113, and so denies them.  The seventh sentence of Paragraph 113 purports to characterize "[r]esearch by raptor experts for the California Energy Commission," which research is the best evidence of its contents.  EC denies the allegations in the seventh sentence of Paragraph 113 to the extent inconsistent with the "research."  The allegations in the final sentences of Paragraph 113 are ambiguous, subjective, and vague and so EC denies them.

114.    EC admits Paragraph 114.

115.    EC denies Paragraph 115.

116.    The first two sentences of Paragraph 116 purport to characterize a decision by an Administrative Law Judge (ALJ) concerning a Certificate of Public Convenience and Necessity in California, which decision is the best evidence of its contents.  EC denies the allegations in the first two sentences of Paragraph 116 to the extent inconsistent with the ALJ's decision.  EC lacks

17

knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining sentences of Paragraph 116 and therefore denies them.

117.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and so denies them.  EC also denies the allegations in the first five sentences of Paragraph 117 because those allegations are ambiguous, subjective and vague.

118.    EC admits the first three sentences of Paragraph 118.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 118, and so denies them.

**H.    Renewable Mandates Do Not Create New Jobs Or Grow The Economy**

119.    EC denies the allegations in Paragraph 119.

120.    EC denies the allegations in Paragraph 120.

121.    EC denies the allegations in the first sentence of Paragraph 121.  The allegations in the second and third sentences of Paragraph 121 are ambiguous, subjective, and vague, and EC therefore denies the allegations.

122.    EC denies the allegations in Paragraph 122.

123.    The allegations in the first sentence of Paragraph 123 are ambiguous, subjective, and vague, and EC therefore denies them.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 123 and therefore denies them.  EC denies the fourth and fifth sentences of Paragraph 123.

 

 

 

I.      **The Objectives Of The Renewable Energy Standards Could Be Promoted As well With A Lesser Impact On Interstate Activities.**

124.      Paragraph 124 purports to summarize six objectives from the statement of purpose for the Colorado Renewable Energy Standard, which standard is the best evidence of its contents. EC denies the allegations in Paragraph 124 to the extent inconsistent with the statement of purpose for the Colorado Renewable Energy Standard.

125.      EC denies Paragraph 125.

**HARM TO THE PLAINTIFFS AND TO THE PUBLIC**

126.      EC denies Paragraph 126.

127.      EC denies Paragraph 127.

I.      **THE ELECTRIC RESOURCE STANDARDS PROGRAM AND THE MUNICIPALLY OWNED ELECTRIC UTILITY PROGRAM INCREASE COSTS**

128.      EC denies Paragraph 128.

129.      EC denies the allegations in the first and fourth sentences of Paragraph 129. EC admits the second sentence of Paragraph 129. The allegations of the third sentence of Paragraph 129 are ambiguous, vague and subjective, and EC therefore denies them.

130.      The first sentence of Paragraph 130 purports to characterize language on Public Service Company (PSCo) monthly statements, which statements are the best evidence of their content. EC denies the allegations in the first sentence of Paragraph 130, to the extent inconsistent with those statements. EC denies the second, third and fourth sentences of Paragraph 130.

131.      EC denies Paragraph 131.

132.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 132 and therefore denies them.  The second sentence of Paragraph 132 purports to characterize a Statement of Position by PSCo, which statement is the best evidence of its content.  EC denies the allegations in the second sentence of Paragraph 132, to the extent inconsistent with the identified Statement of Position.  EC denies the third sentence in Paragraph 132.

133.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 133; furthermore, the allegations in the Paragraph 133 are ambiguous, subjective, and vague.  For both of these reasons, EC denies Paragraph 133.

134.    EC denies Paragraph 134.

135.    EC denies Paragraph 135.

136.    EC denies the first two sentences of Paragraph 136.  The third sentence of Paragraph 136 purports to characterize a statement of PUC Trial Staff, which statement is the best evidence of its content.  EC denies the allegations in the third sentence of Paragraph 136, to the extent inconsistent with the identified statement.  EC denies the fourth sentence of Paragraph 136.

137.    EC denies the first five sentences of Paragraph 137.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 137 and therefore denies them.

138.    The allegations in the first sentence of Paragraph 138 are ambiguous, subjective, and vague, and so EC denies them.  The second and third sentences of Paragraph 138 purport to characterize a 2007 PUC decision, which decision is the best evidence of its content.  EC denies

20

the allegations in the second and third sentences of Paragraph 138, to the extent inconsistent with the 2007 PUC decision.  The allegations in the third and fourth sentences of Paragraph 138 are ambiguous, subjective, and vague, and so EC denies them.

139.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and therefore denies them.

140.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and therefore denies them.

141.    Paragraph 141 purports to characterize PSCo's 2010 RES Compliance Plan, which Plan is the best evidence of its content.  EC denies the allegations in Paragraph 141, to the extent inconsistent with the PSCo's 2010 RES Compliance Plan.

142.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and therefore denies them.

143.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 143 and therefore denies them.  EC denies the second and third sentences of Paragraph 143.

144.    EC denies the first sentence of Paragraph 144.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 144 and therefore denies them.

145.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 145 and therefore denies them.  The second sentence of paragraph 145 is a legal conclusion to which no reply is required; to the extent an

answer is required, EC denies the allegations.   EC denies the allegations in the third sentence of Paragraph 145.

146.    EC denies Paragraph 146.

## II.      TRADABLE RENEWABLE ENERGY CREDITS LIMITATION PROGRAM

147.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 147 and therefore denies them.  The second sentence of Paragraph 147 purports to characterize several sections of Colorado Revised Statutes, which sections are the best evidence of their contents.  EC denies the allegations in the second sentence of Paragraph 147, to the extent inconsistent with the identified sections.  EC denies the third sentence of Paragraph 147.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 147 and therefore denies them.

148.    EC denies Paragraph 148.

## III.     THE STANDARD REBATE OFFER PROGRAM

149.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 149 and therefore denies them.  The second sentence of Paragraph 149 purports to characterize a section of Colorado Revised Statutes, which section is the best evidence of its content.  EC denies the allegations in the second sentence of Paragraph 149, to the extent inconsistent with the identified section.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 149 and therefore denies them.

150.    EC denies the allegations in Paragraph 150.

IV.     **THE RECOVERY OF COSTS INCENTIVES PROGRAM**

151.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one of Paragraph 151 and therefore denies them.  The second sentence of Paragraph 151 purports to characterize a section of Colorado Revised Statutes and a rule of the Colorado Public Utilities Commission, which statute and rule are the best evidence of their content.  EC denies the allegations in the second sentence of Paragraph 151, to the extent inconsistent with the identified statute and rule.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence three of Paragraph 151 and therefore denies them.  EC denies the fourth sentence of Paragraph 151.

152.    EC denies the allegations in Paragraph 152.

V.     **THE RETAIL RATE IMPACT RULE**

153.    EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 153 and therefore denies them.  The second sentence of Paragraph 153 purports to characterize a section of Colorado Revised Statutes, which section is the best evidence of its content.  EC denies the allegations in the second sentence of Paragraph 153, to the extent inconsistent with the identified section.  EC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 153 and therefore denies them.

154.    EC denies Paragraph 154.

### SUMMARY

155.    EC denies Paragraph 155.

## CLAIMS FOR RELIEF

### First Claim For Relief
**Colorado Electric Resource [Renewable Energy] Standards Program –
Declaratory Judgment**

156.    EC incorporates its answers to Paragraphs 1 – 155 above.

157.    Paragraph 157 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 157.

158.    Paragraph 158 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 158.

159.    Paragraph 159 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 159.

160.    Paragraph 160 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 160.

### Second Claim For Relief
**Colorado Electric Resource [Renewable Energy] Standards Program –
Injunctive Relief**

161.    EC incorporates its answers to Paragraphs 1 - 160 above.

162.    Paragraph 162 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 162.

### Third Claim For Relief
**The Municipally Owned Electric Utility Program –
Declaratory Judgment**

163.    EC incorporates its answers to Paragraphs 1 - 162 above.

164.    Paragraph 164 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 164.

165.     Paragraph 165 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 165.

166.     Paragraph 166 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 166.

**Fourth Claim For Relief**
**The Municipally Owned Electric Utility Program –**
**Injunctive Relief**

167.     EC incorporates its answers to Paragraphs 1 - 166 above.

168.     Paragraph 168 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 168.

**Fifth Claim For Relief**
**Tradable Renewable Energy Credits Limitation Program -**
**Declaratory Judgment**

169.     EC incorporates its answers to Paragraphs 1 - 168 above.

170.     Paragraph 170 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 170.

171.     Paragraph 171 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 171.

**Sixth Claim For Relief**
**Tradable Renewable Energy Credits Limitation Program -**
**Injunctive Relief**

172.     EC incorporates its answers to Paragraphs 1 - 171 above.

173.     Paragraph 173 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 173.

**Seventh Claim For Relief**
**The Standard Rebate Offer Program**
**Declaratory Judgment**

174.    EC incorporates its answer to Paragraphs 1 - 173 above.

175.    Paragraph 175 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 175.

176.    Paragraph 176 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 176.

**Eighth Claim For Relief**
**The Standard Rebate Offer Program**
**Injunctive Relief**

177.    EC incorporates its answer to Paragraphs 1 - 176 above.

178.    Paragraph 178 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 178.

**Ninth Claim For Relief**
**The Recovery Of Costs Incentives Program -**
**Declaratory Judgment**

179.    EC incorporates its answer to Paragraphs 1 - 178 above.

180.    Paragraph 180 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 180.

181.    Paragraph 181 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 181.

**Tenth Claim For Relief**
**The Recovery Of Costs Incentives Program -**
**Injunctive Relief**

182.    EC incorporates its answer to Paragraphs 1 - 181 above.

183.    Paragraph 183 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 183.

**Eleventh Claim For Relief**
**The Retail Rate Impact Rule -**
**Declaratory Judgment**

184.    EC incorporates its answer to Paragraphs 1 - 183 above.

185.    X Paragraph 185 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 185.

186.    Paragraph 186 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 186.

**Twelfth Claim For Relief**
**The Retail Rate Impact Rule -**
**Injunctive Relief**

187.    EC incorporates its answer to Paragraphs 1 - 186 above.

188.    Paragraph 188 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 188.

**Thirteenth Claim For Relief**
**Damages**

189.    EC incorporates its answer to Paragraphs 1 - 188 above.

190.    Paragraph 190 contains legal conclusions to which no reply is required; to the extent an answer is required, EC denies the allegations in Paragraph 190.

**PRAYER FOR RELIEF**

No response is required to Plaintiffs' prayer for relief.  To the extent an answer is required, EC specifically denies each allegation contained in the prayer for relief and denies that Plaintiffs are entitled to any relief.  EC requests that this Court:

1.      Deny Plaintiffs the relief they seek;

2.      Dismiss this action with prejudice;

3.      Award EC its costs and attorney fees to the extent provided for by law; and

4.      Award EC such other relief as the Court deems just and proper.

## GENERAL DENIAL

EC denies each and every allegation in the Complaint to the extent not expressly admitted in this Answer.

## DEFENSES

By way of defenses, EC asserts that:

1.      This Court lacks subject matter jurisdiction over each of Plaintiffs' causes of action.

2.      The Complaint, and each cause of action alleged in it, fails to state a claim upon which relief may be granted.

3.      Plaintiffs lack standing.

4.      Plaintiffs have failed to file suit within the applicable statute of limitations period.

5.      Plaintiffs have waived certain claims and/or failed to exhaust administrative remedies.

6.      EC incorporates by reference any defenses raised by any other parties to this case.

28

Respectfully submitted June 13, 2011,


   /s/ Michael S. Freeman
Michael S. Freeman
Michael A. Hiatt
Earthjustice
1400 Glenarm Place, Suite 300
Denver, CO 80202
(303) 623-9466
Fax:  (303) 623-8083
mfreeman@earthjustice.org
mhiatt@earthjustice.org

Victoria R. Mandell
Western Resource Advocates
2260 Baseline Rd, Suite 200
Boulder CO 80302
303-444-1188 x224
303-786-8054 (fax)
vmandell@westernresources.org

*Attorneys for Proposed Defendant-Intervenors Environment Colorado,*
*Colorado Environmental Coalition, Sierra Club, and The Wilderness Society.*