IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00859-WJM-KLM

AMERICAN TRADITION INSTITUTE,
AMERICAN TRADITION PARTNERSHIP, and
ROD LUECK,

      Plaintiffs,

v.

THE STATE OF COLORADO,
JOHN HICKENLOOPER, individually and in his official capacity as Governor of Colorado,
BARBARA J. KELLEY, individually and in her official capacity as the Executive Director of the Colorado Department of Regulatory Agencies,
JOSHUA EPEL, individually and in his official capacity as Chairman of the Colorado Public Utilities Commission,
JAMES TARPEY, individually and in his official capacity as a Commissioner of the Colorado Public Utilities Commission,
MATT BAKER, individually and in his official capacity as a Commissioner of the Colorado Public Utilities Commission, and
DOUG DEAN, individually and in his official capacity as Director of the Colorado Public Utilities Commission,

      Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiffs' **Motion to Strike, for a Protective Order, for Declaratory Relief, and for an Award of Costs and Expenses** [Docket No. 41; Filed August 19, 2011] (the "Motion").

      IT IS HEREBY **ORDERED** that the Motion is **DENIED**. First, Plaintiffs failed to comply with D.C.COLO.LCivR 7.1A, which the Court finds uniquely notable as Plaintiffs cite to D.C.COLO.LCivR 7.1A in the Motion as a legal basis for the relief they seek. *Motion*, Docket No. 41 at 6. Second, Plaintiffs suggest that the proposed motion to dismiss should be stricken due to the proposed intervenors' failure to confer with Plaintiffs before filing the motion. However, a motion to dismiss pursuant to Fed. R. Civ. P. 12 is not subject to the

conferral requirement of Rule 7.1A, by the rule's plain language.[1]  Thus, Rule 7.1A does not provide a basis to grant Plaintiffs' requested relief. Third, Fed. R. Civ. P. 24(c) instructs potential intervenors to include a pleading with the motion to intervene.  Here, in both the motion to intervene [Docket No. 21 at 4] and the proposed motion to dismiss [Docket No. 37 at 2], the proposed intervenors ask the District Court to accept the motion to dismiss in lieu of a pleading.  Therefore, this Court denies the Motion outright as premature, because the District Court will resolve whether the proposed intervenors' motion to dismiss [Docket No. 37] may proceed in this matter when it adjudicates the pending motion to intervene [Docket No. 21].

      Dated:  August 19, 2011

---

[1] In the Motion, Plaintiffs replaced this portion of Rule 7.1A with an ellipsis, which of course, does not supercede the requirement stated therein.