IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00859-WJM-KLM

AMERICAN TRADITION INSTITUTE,
AMERICAN TRADITION PARTNERSHIP, and
ROD LUECK,

     Plaintiffs,

v.

THE STATE OF COLORADO,
JOHN HICKENLOOPER, individually and in his official capacity as Governor of Colorado,
BARBARA J. KELLEY, individually and in her official capacity as the Executive Director of the Colorado Department of Regulatory Agencies,
JOSHUA EPEL, individually and in his official capacity as Chairman of the Colorado Public Utilities Commission,
JAMES TARPEY, individually and in his official capacity as a Commissioner of the Colorado Public Utilities Commission,
MATT BAKER, individually and in his official capacity as a Commissioner of the Colorado Public Utilities Commission, and
DOUG DEAN, individually and in his official capacity as Director of the Colorado Public Utilities Commission,

     Defendants.
_____

**ORDER**
_____

This matter is before the Court on Defendants' **Motion to Stay All Proceedings Pending Jurisdictional and Immunity Determinations** [Docket No. 31; Filed July 14, 2011] (the "Motion").  Plaintiff filed a Response in opposition to the Motion on August 16, 2011 [Docket No. 40].  The Motion is ripe for review.[1]  For the reasons set forth below, the Court **GRANTS** the Motion.

---

[1] Pursuant to D.C.COLO.LCivR 7.1C, a judicial officer may rule on a motion at any time after it is filed.

**Procedural Background**

Plaintiffs initiated this lawsuit on April 4, 2011, challenging the constitutionality of a Colorado state statute affecting the regulation of electricity [Docket No. 1]. On April 22, 2011, Plaintiffs filed an Amended Complaint, which is the governing pleading [Docket No. 12]. Defendants responded to the Amended Complaint with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b) and with an Answer, simultaneously filed on July 12, 2011 [Docket Nos. 28, 29].[2] Shortly thereafter, Defendants submitted the Motion at hand, requesting a stay of all proceedings pending the adjudication of the jurisdictional and immunity issues presented in the motion to dismiss.

Defendants set forth four primary arguments in their motion to dismiss: 1) Plaintiffs lack standing; 2) Eleventh Amendment state sovereign immunity bars all claims against the State of Colorado and Governor John Hickenlooper; 3) Plaintiffs fail to allege personal participation on part of Defendants Kelley and Epel; and 4) 42 U.S.C. § 1983 and the Eleventh Amendment preclude any request for damages against the individual defendants in their official capacities. *Motion to Dismiss*, Docket No. 28 at 5-6. Defendants request that Plaintiffs' Amended Complaint be dismissed in its entirety. *Id.* at 24.

In their motion to stay, Defendants assert that the Eleventh Amendment protects them from the burdens of litigation, and the jurisdictional and immunity issues should be resolved before state resources are expended for discovery. *Motion*, Docket No. 31 at 2-3.

---

[2]Also of note, four entities identified as Interested Parties filed a motion to intervene as defendants on June 13, 2011 [Docket No. 21]. The motion remains pending before the District Court. The Interested Parties included a proposed Answer with their motion and filed a proposed motion to dismiss, seeking dismissal of Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 37].

Moreover, Defendants contend that Plaintiffs need not conduct discovery before responding to the motion to dismiss, thus the balance weighs in favor of a stay, as Plaintiffs will not be prejudiced by first adjudicating the jurisdictional and immunity issues. *Id.* at 4-5. Finally, Defendants suggest that the interests of judicial economy support the granting of a stay. *Id.* at 6.

Plaintiffs oppose the imposition of a stay. *Response*, Docket No. 40 at 2. Plaintiffs cite to *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006) in support of their position. *Id.* at 2-3. Plaintiffs argue that the five factors articulated in *String Cheese Incident* demonstrate that a stay is not appropriate here. Plaintiffs believe the costs imposed upon them by the challenged state statute tip the balance away from a stay. *Id.* at 3. Plaintiffs assert that the "fair and speedy administration of justice" would be delayed by a stay. *Id.* at 5. Plaintiffs express concern that the general public will also be harmed if a stay is imposed, as the public suffers from the same alleged injuries as those described in the Amended Complaint. *Id.* at 5-6.

**Analysis**

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)). *See also Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a

particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. Thus, a stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

"Eleventh Amendment immunity entitles a state not only to protection from liability, but also from suit, including the burden of discovery, as a party, within the suit." *Univ. of Tex. at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996) (citation omitted). Eleventh

-4-

Amendment state sovereign immunity applies to the state itself as well as "to state officials sued in their official capacities for retrospective monetary relief." *Brock v. Herbert*, No. 10-4148, 2011 WL 3154230, at *3 (10th Cir. 2011) (unpublished) (citation omitted).

In this matter, Plaintiffs sue the State of Colorado as well as six individual defendants in their individual and official capacities. Plaintiffs seek an award of damages, in addition to declaratory and injunctive relief. *Am. Compl.*, Docket No. 12 at 49. Thus, the Court finds that the claims against the State of Colorado and the individual defendants in their official capacities for money damages are potentially precluded by Eleventh Amendment sovereign immunity. In consideration of the Tenth Circuit's instruction regarding the protections inherent in Eleventh Amendment immunity, the Court concludes that a stay is appropriate pending resolution of the immunity issue.

Consideration of the *String Cheese Incident* factors prompts no different result. The factors for the Court's review include: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955 at *2 (citation omitted).

Regarding the first factor, Defendants explain that the statute at issue was adopted by Colorado voters in 2004. *Motion*, Docket No. 31 at 6. As Plaintiffs have been subject to the provisions of the challenged statute for the past seven years (effective December 1, 2004), the Court finds Plaintiffs' claim of harm by delay unpersuasive. *See* Colo. Rev. Stat. § 40-2-124 (2004). In light of the above-stated case law, the burden on the state

defendants of proceeding in litigation during the pendency of jurisdictional and immunity issues is well-observed by the federal courts, as related to the second factor.

The third factor concerning the convenience to the Court weighs heavily in favor of a stay.  The motion to dismiss not only challenges this Court's subject matter jurisdiction, which must be satisfied at all stages of litigation, but also could dispose of the Amended Complaint in its entirety.  Judicial resources would best be conserved by imposing a stay until the jurisdictional challenge is resolved.  Consideration of the fourth and fifth factors does not sway the Court from its conclusion.  Weighing the *String Cheese Incident* factors as well as the law favoring a stay of proceedings when immunity and jurisdiction are at issue, the Court concludes that a stay of all proceedings is appropriate, pending the District Court's adjudication of Defendants' motion to dismiss.

## Conclusion

It is hereby ORDERED that Defendants' **Motion to Stay All Proceedings Pending Jurisdictional and Immunity Determinations** is **GRANTED**.  This matter is hereby **STAYED** pending the District Court's resolution of Defendants' Motion to Dismiss [Docket No. 28; Filed July 12, 2011].

It is further **ORDERED** that the Scheduling Conference set for October 18, 2011, is **VACATED**.  The Court will set a Scheduling Conference, if necessary, after resolution of the motion to dismiss.

It is further **ORDERED** that Defendants' **Unopposed Motion for Extension of Time to File Reply Briefs** [Docket No. 43; Filed August 19, 2011] is **GRANTED IN PART and DENIED AS MOOT IN PART**.  The request for an extension of time to file a reply in support

of the motion to stay is mooted by this Order. Defendants may file a reply in support of their motion to dismiss on or before **September 12, 2011**.

DATED: August 23, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge