**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00859-WJM-BNB

AMERICAN TRADITION INSTITUTE,
AMERICAN TRADITION PARTNERSHIP, and
ROD LUECK,

      Plaintiffs,

v.

STATE OF COLORADO,
JOHN HICKENLOOPER,
BARBARA J. KELLEY,
JOSHUA EPEL,
JAMES TARPEY,
MATT BAKER,
DOUG DEAN, and

      Defendants,

and

ENVIRONMENT COLORADO,
COLORADO ENVIRONMENTAL COALITION,
SIERRA CLUB, and
THE WILDERNESS SOCIETY,

      Proposed Intervenors-Defendants.

---

**ORDER GRANTING PROPOSED INTERVENORS-
DEFENDANTS' MOTION TO INTERVENE**

---

In this declaratory judgment action, Plaintiffs American Tradition Institute, American Tradition Partnership, and Rod Lueck ask the Court to declare that Colorado's Renewable Energy Standard Act ("RES"), Colo. Rev. Stat. § 40-2-124,

violates Article I, Section 8 of the United States Constitution. Before the Court is the Motion to Intervene ("Motion") filed by Environment Colorado, the Colorado Environmental Coalition, the Sierra Club, and the Wilderness Society (collectively "Movants"). (ECF No. 21.) For the reasons set forth below, the Motion is granted.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, the court must permit intervention as of right to anyone who:

> [C]laims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2). Under Tenth Circuit law interpreting this rule, "an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. Ltd. P'ship v. B.P. Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

Federal Rule of Civil Procedure 24(b)(1)(B) provides that, on timely motion, the court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The decision whether or not to grant a motion for permissive intervention under Rule 24(b) is within the district court's sound discretion. *See, e.g., City of Stilwell v. Ozarks Rural*

*Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996). In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## II.  ANALYSIS

Movants seek to intervene both as a matter of right under Rule 24(a) and permissively under Rule 24(b). (ECF No. 21.) Because the Court will exercise its discretion and allow the Movants to intervene under Rule 24(b), it need not address whether Movants are entitled to intervene as a matter of right. *See Lower Arkansas Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 690 (10th Cir. 2008).

Permissive intervention requires that the would-be intervenor have a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). This case is solely about the constitutionality of RES. (Am. Compl. (ECF No. 12).) Movants allege that they have a claim or defense in common with the main action because they, as do the current Government Defendants, seek to defend the constitutionality of RES. (ECF No. 21 at 17.) The Government Defendants assert this same defense in their Answer. (Answer (ECF No. 29) at 37.) Accordingly, the Court finds that Movants have a defense in common with the main action.

Plaintiffs argue that Movants' interests are adequately represented by the current Government Defendants. (ECF No. 33 at 12-13.) However, many courts, including the Tenth Circuit, have recognized that governmental defendants often cannot adequately represent the interests of a non-governmental organization. *National Farm Lines v.*

*Interstate Commerce* Comm'n, 564 F.2d 381, 384 (10th Cir. 1977) ("an agency seeking to protect both the public interest and the interest of a private intervenor undertakes a task which is on its face impossible."); *see also Dimond v. District of Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986) (noting that "a governmental entity charged by law with representing the public interest of its citizens might shirk its duty were it to advance the narrower interest of a private entity."). Because currently the only Defendants are representatives of Colorado governmental agencies, the Court finds that Movants' private interests are not presently adequately represented in this action.

The Court must also consider whether allowing Movants to intervene would cause undue delay or prejudice the existing parties. Fed. R. Civ. P. 24(b)(3). Plaintiffs argue that Movants should not be permitted to intervene because it will result in duplicative filings and force them to commit resources researching extraneous and unnecessary issues. (ECF No. 33 at 12-13.) While adding additional parties may cause some delay and may result in the filing of some additional motions, the Court finds that such delay is neither undue nor significant. *See Ctr. for Biological Diversity v. United States Dep't of State*, 2011 WL 5909488, *5 (D. Neb. Nov. 23, 2011). If, as this case progresses, the Court finds that Movants are causing significant delay or prejudice to the existing parties, the Court will take steps to limit their role in these proceedings. *See Animal Protection Inst. v. Merriam*, 242 F.R.D. 524, 529 (D. Minn. 2006) (noting that court can limit the role of a permissive intervenor).

Ultimately, the Court has significant discretion with respect to whether to permit a party to permissibly intervene under Rule 24(b), and the Tenth Circuit has held that Rule 24 is to be construed liberally in favor of intervention. *Utahns for Better Transp. v. United States Dep't of Trans.*, 295 F.3d 1111, 1115 (10th Cir. 2002). In this case, the Court finds that Movants' request to intervene is timely, that Movants have a defense with facts common to existing parties, and that allowing intervention will not unduly delay these proceedings or cause undue prejudice to the existing parties. Accordingly, the Motion to Intervene is granted.

### III.  CONCLUSION

For the reasons set forth above, the Motion to Intervene (ECF No. 21) is GRANTED. The Clerk shall amend the caption of this case to reflect that Environment Colorado, Colorado Environmental Coalition, Sierra Club, and The Wilderness Society are Intervenors-Defendants in this action.

Additionally, Movants have filed a Proposed Motion to Dismiss. (ECF No. 37.) Because the Court has allowed Movants to intervene, it will grant them leave to file their Proposed Motion to Dismiss. Said Motion is ACCEPTED as filed. Plaintiffs shall respond to the Motion to Dismiss by March 9, 2012 and the Intervenors-Defendants may file a reply brief not later than March 23, 2012. All subsequent briefing on said Motion to Dismiss shall comply with the Court's applicable Revised Practice Standards.

Dated this 21st day of February, 2012.

BY THE COURT:

William J. Martínez
United States District Judge