**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00859-WJM-BNB

AMERICAN TRADITION INSTITUTE,
AMERICAN TRADITION PARTNERSHIP, and
ROD LUECK,

      Plaintiffs,

v.

JOSHUA EPEL,
JAMES TARPEY, and
PAMELA PATTON, in their official capacities as Commissioners of the Colorado Public Utilities Commission,

      Defendants,

and

ENVIRONMENT COLORADO,
COLORADO ENVIRONMENTAL COALITION,
SIERRA CLUB, and
THE WILDERNESS SOCIETY,

      Intervenor-Defendants,

and

SOLAR ENERGY INDUSTRIES ASSOCIATION, and
INTERWEST ENERGY ALLIANCE,

      Proposed Intervenor-Defendants.

---

**ORDER GRANTING PROPOSED INTERVENOR-DEFENDANTS'
MOTIONS TO INTERVENE**

---

      In this declaratory judgment action, Plaintiffs American Tradition Institute,

American Tradition Partnership, and Rod Lueck ask the Court to declare that

Colorado's Renewable Energy Standard Act ("RES"), Colo. Rev. Stat. § 40-2-124, violates Article I, Section 8 of the United States Constitution.

Before the Court are the following motions: (1) Interwest Energy Alliance's Motion to Intervene (ECF No. 73); and (2) Solar Energy Industries Association's Motion to Intervene (ECF No. 75). As both Motions to Intervene ("Motions") raise the same arguments and both parties are seeking to intervene as Defendants, the Court will address the Motions together. The Court will refer to Interwest Energy Alliance and Solar Energy Industries Association as the "Movants".

For the reasons set forth below, the Motions are granted.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, the court must permit intervention as of right to anyone who:

> [C]laims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2). Under Tenth Circuit law interpreting this rule, "an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. Ltd. P'ship v. B.P. Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

Federal Rule of Civil Procedure 24(b)(1)(B) provides that, on timely motion, the court may permit intervention to anyone who "has a claim or defense that shares with

the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The decision whether or not to grant a motion for permissive intervention under Rule 24(b) is within the district court's sound discretion. *See, e.g., City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996). In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## II. ANALYSIS

Movants seek to intervene both as a matter of right under Rule 24(a) and permissively under Rule 24(b). (ECF No. 73 at 4; ECF No. 75 at 4.) Because the Court will exercise its discretion and allow the Movants to intervene under Rule 24(b), it need not address whether Movants are entitled to intervene as a matter of right. *See Lower Arkansas Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 690 (10th Cir. 2008).

Permissive intervention requires that the would-be intervenor have a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). This case is solely about the constitutionality of RES. (Am. Compl. (ECF No. 12).) Movants seek to defend the constitutionality of the RES, which is the same defense the Government and the Intervenors[1] have raised. (ECF No. 73 at 12; ECF No. 75 at 10-11.) Accordingly, the Court finds that Movants have a defense in common with the existing parties.

---

[1] The Court previously permitted Environment Colorado, Colorado Environmental Coalition, Sierra Club, and The Wilderness Society to intervene as Defendants in this action based on arguments very similar to those raised in the instant Motions. (ECF No. 51.)

The Court also finds that the current Defendants cannot adequately represent the interests of the Movants.  *See National Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977) ("an agency seeking to protect both the public interest and the interest of a private intervenor undertakes a task which is on its face impossible."); *see also Dimond v. District of Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986) (noting that "a governmental entity charged by law with representing the public interest of its citizens might shirk its duty were it to advance the narrower interest of a private entity.").

Finally, the Court finds that allowing Movants to intervene would not cause undue delay or prejudice the existing parties.  *See* Fed. R. Civ. P. 24(b)(3).

The Tenth Circuit has held that Rule 24 is to be construed liberally in favor of intervention.  *Utahns for Better Transp. v. United States Dep't of Trans.*, 295 F.3d 1111, 1115 (10th Cir. 2002). The Court notes that Plaintiffs have not opposed these Motions to Intervene.  In this case, the Court finds that Movants' request to intervene is timely, that Movants have a defense with facts common to existing parties, and that allowing intervention will not unduly delay these proceedings or cause undue prejudice to the existing parties.  Accordingly, the Motion to Intervene is granted.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Interwest Energy Alliance's Motion to Intervene (ECF No. 73) is GRANTED;
2. Interwest Energy Alliance's proposed Answer (ECF No. 73-2) is ACCEPTED AS FILED.  The Clerk shall docket the proposed Answer;

3. Solar Energy Industries Association's Motion to Intervene (ECF No. 75) is GRANTED;

4. Solar Energy Industries Association's proposed Answer (ECF No. 75-3) is ACCEPTED AS FILED.  The Clerk shall docket the proposed Answer; and

5. The Clerk shall amend the caption of this case to reflect that Solar Energy Industries Association and Interwest Energy Alliance are Intervenors-Defendants in this action.

Dated this 26th day of October, 2012.

BY THE COURT:

William J. Martinez
United States District Judge