IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00859-WJM-BNB

AMERICAN TRADITION INSTITUTE, and
ROD LUECK,

Plaintiffs,

v.

JOSHUA EPEL, in his official capacity as Chairman of the Colorado Public Utilities
Commission,
JAMES TARPEY, in his official capacity as a Commissioner of the Colorado Public Utilities
Commission, and
PAMELA PATTON, individually and in her official capacity as a Commissioner of the
Colorado Public Utilities Commission,

Defendants,

and

ENVIRONMENT COLORADO,
COLORADO ENVIRONMENTAL COALITION,
SIERRA CLUB,
THE WILDERNESS SOCIETY, and
SOLAR ENERGY INDUSTRIES ASS'N,

Intervenor-Defendants,
_____

**ORDER**
_____

This matter arises on the following:

(1)    **Stipulated Motion to Extend Discovery Cutoff** [Doc. # 107, filed 1/22/2013]

(the "Stipulated Motion");

(2)    **Plaintiffs' Motion to Extend the Discovery Deadline and Compel Discovery**

[Doc. # 120, filed 2/21/2013] ("Plaintiffs' Motion to Extend Discovery");

(3) Plaintiffs' **Motion to Reconsider** [Doc. # 129, filed 3/5/2013];

(4) **Defendants' and Defendant-Intervenors' Motion for a Protective Order Against Plaintiffs' Discovery Requests That Are Stayed By Court Order** [Doc. # 133, filed 3/13/2013] (the "Motion for Protective Order").

I held a hearing on the motions this morning and made rulings on the record, which are incorporated here.

On July 17, 2012, the district judge by text entry [Doc. # 65] ruled:

> This Court earlier today entered its Order resolving the pending Motions to Dismiss and fully addressing the Jurisdictional and Immunity issues in this case. As a result the Stay Order is VACATED and the Stay is LIFTED. This case shall proceed to disclosures and discovery.

Subsequently, the parties filed a Joint Motion for Partial Stay and to Vacate Scheduling Conference [Doc. # 69, filed 8/10/2013] (the "Joint Motion for Partial Stay"). Following a hearing at which the parties convinced me that additional issues concerning standing remained even after the district judge's Order [Doc. # 64] which could be resolved by an early motion following limited discovery by the defendants, I granted the Joint Motion for Partial Stay. Order [Doc. # 77, filed 9/4/2013]. During the hearing on the Joint Motion for Partial Stay, I quizzed the parties on the wisdom of their proposal, stating that I was worried that a partial stay would lead, "one year hence," to a motion for additional discovery on the standing issue, "and we'll have to have another go at it." That is precisely what has happened, but six months (rather than one year) after I granted the partial stay. The plaintiffs come now and say that the discovery on the standing issue has taken an unpredicted turn and that they require discovery to resist the defendants' anticipated motion to dismiss for lack of standing. The defendants resist the

plaintiffs' requested discovery as an unjustified shift in position and as extending beyond mere standing issues to issues on the merits of the plaintiffs' claims.

I find first that the plaintiffs are entitled to reasonable discovery on the standing issue in order to present their position. I find, also, that the issues of standing and matters going to the merits of the claims are intertwined and cannot be separated with a surgeon's precision. Discovery concerning standing is likely to creep into matters on the merits, and it is a fool's errand for me to attempt to draw a distinction. Rather than confront future arguments that unanticipated issues have arisen requiring additional, but limited, discovery to answer an opponent's anticipated arguments or that certain discovery exceeds nebulous and artificially drawn bounds, I have determined that I should set a case schedule, the parties should take whatever discovery they deem appropriate (within reasonable limits) on all issues, and motions on the standing should be filed when the parties deem it appropriate, up to and including the dispositive motion deadline.

IT IS ORDERED:

(1) My Order [Doc. # 77] is VACATED, and the partial stay of discovery entered there is LIFTED;

(2) A scheduling conference is set for May 1, 2013, at 1:30 p.m., in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The parties shall prepare a proposed scheduling order and submit it to the court on or before April 24, 2013;

(3) The Stipulated Motion [Doc. # 107] is DENIED as moot in view of the anticipated scheduling conference;

(4) Plaintiffs' Motion to Extend Discovery [Doc. # 120] is DENIED as moot, and the plaintiffs' discovery is deemed withdrawn, to be renewed if appropriate after the anticipated scheduling conference;

(5) The Motion to Reconsider [Doc. # 129] is DENIED as moot in view of the anticipated scheduling conference, and the subpoena directed to Intermountain Rural Electric Association is deemed withdrawn; and

(6) Defendants' Motion for Protective Order [Doc. # 133] is DENIED as moot in view of the anticipated scheduling conference, and the defendants' discovery is deemed withdrawn, to be renewed if appropriate after the anticipated scheduling conference.

Dated March 19, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge