# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00859-WJM-BNB

AMERICAN TRADITION INSTITUTE, and
ROD LUECK,

      Plaintiffs,

v.

JOSHUA EPEL,
JAMES TARPEY, and
PAMELA PATTON,

      Defendants,

ENVIRONMENT COLORADO,
CONSERVATION COLORADO EDUCATION FUND,
SIERRA CLUB,
THE WILDERNESS SOCIETY,
SOLAR ENERGY INDUSTRIES ASSOCIATION, and
INTERWEST ENERGY ALLIANCE

      Defendant-Intervenors.

---

## STIPULATION AND PROTECTIVE ORDER

---

**Good cause having been shown, IT IS ORDERED:** ~~The above-named Plaintiffs,~~

~~Defendants and Defendant-Intervenors (each individually referred to herein as a "Party" and~~

~~collectively as the "Parties") and each Counsel of Record in this Civil Action No. Civil Action~~

~~No. 11-cv-00859-WJM-BNB (the "Litigation") stipulate and move the Court for a Protective~~

~~Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment~~

~~of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:~~

    1.      In this Litigation, at least one of the Parties has sought and/or is seeking

Confidential Information (as defined in Paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure or use of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.     A.     "Confidential Information" means any document, materials, data, or information, including, but not limited to, any and all files, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom filed or produced by any Party or non-party (the "Producing Party") to any other party or parties (the "Receiving Party") and designated by the Producing Party in the manner provided in paragraph 3 below as containing, under the laws applicable to the information claimed as confidential, any of the following:  trade secrets, financial and/or member donation information, information claimed as confidential or proprietary, and/or confidential business information.  As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.  Any documents or material that have been disclosed to the public or public entities without confidential treatment shall not constitute "Confidential Information." Any documents or material disclosed to public entities as "confidential" shall constitute "Confidential Information."

B.     "Highly Confidential Information" shall be Confidential Information that is

especially sensitive and the heightened level is so designated by the Producing Party.  This

heightened designation may be used only for the following types of past, current, or future

Confidential Information: (i) marketing, pricing, cost, salary, payment, and similar non-public

financial information; (ii) strategic plans or non-public market analysis, (iii) product or services

cost information, (iv) product or services supplier information, (v) customer identifying

information (vi) technical data, (vii) project or prospective project-specific scientific data,

including, but not limited to natural resource information, geographic, wildlife, and

environmental studies and information, (viii) physical location identifying information, (ix)

contracts for the sale or purchase of energy and energy-related products, (x) documents

disclosed to public entities and deemed to be "highly confidential"; and (xi) any other

Confidential Information the disclosure of which a Producing Party in good faith believes would

cause competitive harm.

      3.      Where Confidential or Highly Confidential Information is produced, provided or

otherwise disclosed by a Party in response to any discovery request, it will be designated in the

following manner:

      A.      By imprinting the word "Confidential" or "Highly Confidential" on the first page

or cover of any document produced;

      B.      By imprinting the word "Confidential" or "Highly Confidential" next to or above

any response to a discovery request; and

      C.      With respect to transcribed testimony, by giving written notice to opposing

counsel designating such portions as "Confidential" or "Highly Confidential" no

later than ten calendar days after receipt of the transcribed testimony.

      4.      All Confidential Information provided by a Party in disclosures or in response to

a discovery request or transcribed testimony shall be subject to the following restrictions:

A.  It shall be used only for the purpose of this Litigation and not for any business or other purpose whatsoever;

B.  It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this Litigation to:

(i)  attorneys for the parties working on this Litigation;

(ii)  persons regularly employed by the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for this Litigation;

(iii)  the Parties;

(iv)  expert witnesses and consultants retained in connection with this Litigation, to the extent such disclosure is necessary for preparation for proceedings herein;

(v)  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this Litigation;

(vi)  deponents, witnesses, or potential witnesses if the Confidential Information bears directly on that person's testimony; and

(vii)  other persons by written agreement of the Parties.

All such disclosures shall only be upon execution by the Receiving Party of an affidavit in the form of Exhibit A attached hereto.

C.  All Highly Confidential Information may be obtained only on a Requesting Party's specific identification of the document in question and upon a showing by the

Requesting Party that it has substantial need for the material and cannot, without undue hardship, obtain their substantial equivalent by other means.  Any Party may request an in camera review by the court to determine whether the Requesting party has met this burden prior to the release of any such document and no Highly Confidential Information shall be disclosed until such determination is made by the court.  In addition, to the extent possible, the entity whose Highly Confidential Information is at issue shall be notified as soon as practicable by the Requesting Party in order for that entity to have an opportunity to protect its interests.

D.  Notwithstanding the foregoing, however, all Highly Confidential Information provided by a Party in disclosures or in response to a discovery request or transcribed testimony shall be subject to the preceding restrictions, except that the restrictions upon disclosures set forth in Section 4(B) above are modified for Highly Confidential Information as follows:

(i) Highly Confidential Information  shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this Litigation to:

(a)  attorneys for the parties working on this Litigation;

(b)  persons regularly employed by the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for this Litigation;

(c)  expert witnesses and consultants retained in connection with this Litigation, to the extent such disclosure is necessary for preparation for proceedings herein;

(d)      stenographic reporters who are engaged in proceedings

necessarily incident to the conduct of this Litigation; and

(e)      other persons by written agreement of the Parties.

(f)      all  disclosures of Highly Confidential Information described

above in this section D shall only be upon execution by the Receiving Party of an

affidavit in the form of Exhibit A attached hereto.

5.      Individuals authorized to review Confidential or Highly Confidential Information

pursuant to this Protective Order shall hold the Information in confidence and shall not divulge

the   Information, either verbally or in writing, to any other person, entity or government agency

unless required to do so by court order.  If any Party or holder of Confidential or Highly

Confidential Information could be legally compelled to make disclosure of the Information, the

Party or holder of the Confidential or Highly Confidential Information shall inform the other

Parties in writing as soon as the possibility of such disclosure is known and take all reasonable

steps to limit the effects of such disclosure and, if possible, require the parties to whom such

information is disclosed to maintain the confidentiality of such information through protective

orders, agreements and other available tools.

6.      To the extent that any Confidential or Highly Confidential Information is subject

to other legal requirements relating to the use or control of information, including, without

limitation, Federal Energy Regulatory Commission rules regarding Critical Energy Infrastructure

and Transmission, the recipients of any the  Information shall comply with this Protective Order

in addition to those other requirements.

7.      Counsel for a Party whose litigation activities results in disclosure of

Confidential or Highly Confidential Information shall be responsible for assuring compliance

with the terms of this Protective Order with respect to persons to whom such  Information is

disclosed and shall obtain and retain the original affidavits signed by qualified recipients of

Confidential or Highly Confidential Information, and shall maintain a list of all persons to

whom any such Information is disclosed.

8.      During the pendency of this action, opposing counsel may upon court order or

agreement of the parties inspect the list maintained by counsel pursuant to paragraph 7 above

upon a showing of substantial need in order to establish the source of an unauthorized disclosure

of Confidential or Highly Confidential Information and that opposing counsel are unable

otherwise to identify the source of the disclosure.  If counsel disagrees with opposing counsel's

showing of substantial need, then counsel may seek a court order requiring inspection under

terms and conditions deemed appropriate by the Court.

9.      No copies of Confidential or Highly Confidential Information shall be made

except by or on behalf of counsel in this litigation and such copies shall be made and used solely

for purposes of this litigation.

10.      During the pendency of this litigation, counsel shall retain custody of

Confidential or Highly Confidential Information, and copies made therefrom pursuant to

paragraph 8 above.

11.      **A party may object to the designation of particular Confidential or Highly**

**Confidential by giving written notice to the party designating the disputed information.**

**The written notice shall identify the information to which the objection is made.  If the**

**parties cannot resolve the objection within ten (10) business days after the time the notice is**

**received, it shall be the obligation of the party designating the information as Confidential**

**or Highly Confidential to file an appropriate motion requesting that the court determine**

**whether the disputed information should be subject to the terms of this Protective Order.
If such a motion is timely filed, the disputed information shall be treated as Confidential or
Highly Confidential under the terms of this Protective Order until the Court rules on the
motion.  If the designating party fails to file such a motion within the prescribed time, the
disputed information shall lose its designation as Confidential or Highly Confidential and
shall not thereafter be treated as Confidential or Highly Confidential in accordance with
this Protective Order.  In connection with a motion filed under this provision, the party
designating the information as Confidential or Highly Confidential shall bear the burden of
establishing that good cause exists for the disputed information to be treated as
Confidential or Highly Confidential .**

~~If opposing counsel objects to the designation of certain information as Confidential or
Highly Confidential, he or she shall promptly inform the other parties' counsel in writing of the
specific grounds of objection to the designation.  All counsel shall then, in good faith and on an
informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are
unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with
this order.  Any motion for disclosure shall be filed within 14 days of the opposing counsel's
objection, and the information shall continue to have Confidential or Highly Confidential
Information status from the time it is produced until the ruling by the Court on the motion.~~

12.   ~~Use of Confidential or Highly Confidential Information in Court Proceedings:  In
the event Confidential or Highly Confidential Information is used in any court filing or
proceeding in this action, including but not limited to its use at trial, it shall not lose its
confidential status through such use.~~  Any motion requesting leave to file documents under seal
shall comply with the requirements of Federal Rules of Civil Procedure, D.C.COLO.LCiv. R 7.2

~~and demonstrate that the   Information at issue is entitled to protection under the standards~~

~~articulated by the United States Supreme Court, the United States Court of Appeals for the~~

~~Tenth Circuit, and the United States District Court for the District of Colorado.~~

13.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential or Highly Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.  All Confidential or Highly Confidential Information shall be returned to the Producing Party within thirty (30) days after receipt of a written request.

14.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15.     Upon termination of this Litigation, including any appeals, each Party's counsel shall immediately return to the Producing Party all Confidential or Highly Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.  At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential or Highly Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

16.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure or from filing a motion with respect to the manner in which Confidential or Highly Confidential Information shall be treated at trial.

17.     Regardless of any other provision in this Stipulation and Protective Order, the

Parties agree that any privileged material or any confidential or highly confidential party or non-

party documents or information to which they have access as a result of dockets or proceedings

before the Colorado Public Utilities Commission, other public utilities tribunals, or any Court

shall not be discoverable in the above-captioned matter except by agreement of the Parties or an

order from this Court.

Dated May 14, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

Plaintiffs ATI & Lueck
Party

Counsel

Defendants Epel, Kelley & Patton
Party

/s/  William V. Allen

Counsel

Environment Colorado, Conservation Colorado
Education Fund, Sierra Club, Wilderness Soc
Parties

/s/  Michael S. Freeman

Counsel

Solar Energy Industries Association
Party

/s/  Neil Levine

Counsel

Interwest Energy Alliance
Party

/s/  John E. Putnam

Counsel

**EXHIBIT A**

**<u>AFFIDAVIT</u>**

STATE OF _____)

)  ss.

COUNTY OF _____)

_____, swears or affirms and states under penalty of perjury:

1.      I have read the Protective Order in the matter of *ATI v. Epel, et al*., Civil Action No. 11-cv-00859-WJM-BNB, a copy of which is attached to this Affidavit.

2.      I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

4.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

6.      I understand that unpermitted disclosure of Confidential Information may expose me to actions for contempt of court, civil liability or other consequences.

_____

(Signature)

_____

(Print or Type Name)

Address:

_____

_____

Telephone No.: (_____)_____

SUBSCRIBED AND SWORN to before me this _____day of_____, 2013, by _____ _____.

WITNESS my hand and official seal.

_____

Notary Public

My Commission Expires: _____