IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00859-WJM-BNB

ENERGY & ENVIRONMENT LEGAL INSTITUTE, and
ROD LUECK,

Plaintiffs,

v.

JOSHUA EPEL,
JAMES TARPEY, and
PAMELA PATTON,

Defendants,

and

ENVIRONMENT COLORADO,
CONSERVATION COLORADO EDUCATION FUND,
SIERRA CLUB,
THE WILDERNESS SOCIETY,
SOLAR ENERGY INDUSTRIES ASSOCIATION, and
INTERWEST ENERGY ALLIANCE,

Intervenor-Defendants,
_____

**ORDER**
_____

The parties requested a status conference "to determine whether remaining deadlines in this case should be stayed until pending motions are resolved."  Unopposed Motion Seeking a Status Conference [Doc. # 209, filed 2/7/2014] at p. 1.  The status conference occurred today.

I discussed with the parties the pending motions for summary judgment (the "Early Motions"), i.e., (1) Plaintiffs' Early Motion for Partial Summary Judgment [Doc. # 180, filed 8/30/2013] which argues that the Colorado Renewable Energy Standard, section 40-2-124,

C.R.S. (the "Colorado RES"), is unconstitutional because it violates the dormant Commerce Clause; (2) Defendants and Defendant-Intervenors' Early Motion for Summary Judgment on Claims 1 and 2 [Doc. # 186, filed 9/30/2013] which is the mirror image of the Plaintiffs' Early Motion and argues that the defendants/intervenors are entitled to summary judgment dismissing the plaintiffs' first and second claims because the Colorado RES does not violate the Commerce Clause and is not unconstitutional; and (3) Defendants' Early Motion for Summary Judgment on Plaintiffs' Lack of Standing [Doc. # 188, filed 9/30/2013] arguing that the plaintiffs lack standing to assert their claims and that there is no justiciable case or controversy as required by Article III of the Constitution.  The parties insist that resolution of the Early Motions will materially impact how the litigation proceeds and the focus of the parties going forward.  They urge the entry of an order postponing the dispositive motion deadline and the final pretrial conference until the Early Motions are decided.

I am persuaded that judicial economy and economy of the parties' resources will be served by delaying the dispositive motion deadline and the final pretrial conference as the parties request.

IT IS ORDERED:

(1)     The dispositive motion deadline (March 5, 2014) and the pretrial conference (May 29, 2014) and related deadlines are VACATED, to be reset by further order of the court; and

(2)     The parties shall file a status report within 14 days after an order by the district judge resolving any of the Early Motions describing the order, addressing its impact on the case, and discussing whether additional pretrial deadlines, particularly the dispositive motion deadline

and the final pretrial conference, should be reset.

Dated February 19, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge