IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00859-WJM-BNB

**ENERGY & ENVIRONMENT LEGAL
INSTITUTE, and ROD LUECK,**

    Plaintiffs,

v.

**JOSHUA EPEL**,
**JAMES TARPEY** and
**PAMELA PATTON**

    Defendants,

and

**ENVIRONMENT COLORADO,
CONSERVATION COLORADO
EDUCATION FUND,
SIERRA CLUB,
THE WILDERNESS SOCIETY**,
**SOLAR ENERGY INDUSTRIES
ASSOCIATION,** and
**INTERWEST ENERGY ALLIANCE**

  Intervenor-Defendants.

**DECLARATION OF JOHN PUTNAM IN SUPPORT OF DEFENDANT-INTERVENOR
INTERWEST ENERGY ALLIANCE'S BILL OF COSTS**

I, John E. Putnam, hereby declare:

  1. I am the attorney of record in this case for Defendant-Intervenor Interwest Energy Alliance (Interwest). I submit this declaration in support of Interwest's Bill of Costs. Interwest was granted intervenor status on October 26, 2012 (Doc. # 51), and has been a full participant in this litigation since then.

2.	Interwest is a trade association for the renewable energy industry in Colorado, including wind energy and solar energy developers. Plaintiffs' Complaint and expert witnesses claimed that the wind and solar energy produced in Colorado increased costs, caused electricity reliability concerns, imposed environmental impacts, and resulted in other impacts.

3.	Attached as Exhibit A is a true and correct copy of the receipts reflecting taxable costs incurred by Interwest in this matter, amounting to $1,770.74. These itemized out-of-pocket expenses involved transcription fees for depositions taken in January 2014 of two of Plaintiffs' five proffered experts (Thomas Tanton and Greg Walcher) regarding the merits of Plaintiffs' constitutional claims.

4.	The two deposition transcripts were necessary for preparation for trial. *In re Williams Sec. Litig. – WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (to be recoverable, transcription costs must be "reasonably necessary to the litigation of the case," but they need not be "strictly essential to the district court's resolution of the case."). Plaintiff identified Mr. Tanton and Mr. Walcher as primary experts on the effects of the Colorado Renewable Portfolio standard on electricity costs (Tanton), electricity reliability (Tanton), air quality (Tanton) and the environment (Walcher). These issues were central to Plaintiffs' claims in their Complaint that the burdens of the Colorado Renewable Energy Standard on interstate commerce exceeded its benefits to the State of Colorado. Because Mr. Tanton and Walcher were the only persons Plaintiffs identified as experts on these issues, Interwest reasonably assumed these witnesses would be the persons testifying to these issues at trial.

5.	I participated in the deposition of both Mr. Tanton and Mr. Walcher and intended to use the transcripts of the answers to my questions of the deponents for impeachment,

admissions and other purposes at trial.  At the time of the depositions, the court had not ruled on the summary judgment motions filed by Defendants prior to the depositions at issue.  The Tenth Circuit has made clear that reviewing courts will not "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Id.*

6. Interwest does not seek recovery of costs for any of the other depositions taken in this matter.

7. Defendants conferred with Plaintiffs' counsel regarding all of the Defendants' bills of cost.  Plaintiffs' counsel indicated that he believed that some transcripts relating to the issues addressed in the Court's summary judgment order were appropriate, while transcripts not used in the Court's summary judgment orders were not appropriate.  Because Interwest's deposition transcript expenses fall into the latter category, there is no agreement between Interwest and Plaintiffs on Interwest's bill of costs.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

                                                  s/John E. Putnam_____
                                                  John E. Putnam

STATE OF COLORADO              )
                                          ) ss.
CITY AND COUNTY OF DENVER    )

The foregoing instrument was hereby acknowledged before me this 10th day of June, 2014, by John E. Putnam.

WITNESS my hand and official seal.

                                                  s/Susan J. Miller_____
                                                 Notary Public

                                                 My Commission expires: 06/17/2015_____

[SEAL]

# EXHIBIT A

0909-01

# INVOICE

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 91391615 | 1/21/2014 | 155026 |
| Job Date | Case No. | |
| 1/13/2014 | 11-CV-00859-WJM-BNB | |
| Case Name | | |
| Energy & Environment Legal Institute, et al. v. Joshua Epel, et al. | | |
| Payment Terms | | |
| Due upon receipt | | |

U.S. Legal Support
363 N. Sam Houston Parkway East
Suite 1200
Houston, TX 77060
Phone:713-653-7100   Fax:713-653-7143

Jon Putman
Kaplan, Kirsch & Rockwell, L.L.P.
1675 Broadway
Suite 2300
Denver, CO 80202

1 CERTIFIED COPY OF TRANSCRIPT OF:
Greg Walcher                                                                 1,087.50

TOTAL DUE >>>   $1,087.50
AFTER 3/7/2014 PAY   $1,196.25

Reference No.  : 211745

Thank you. We appreciate your business. Please call us @ 214-741-6001 X 4341 if you have any billing questions.

Please contact us immediately with questions or corrections regarding billing or payment.
No adjustments or refunds will be made after 120 days from date of payments.

Tax ID: 76-0523238                                Phone: 303-825-7000   Fax:

*Please detach bottom portion and return with payment.*

Jon Putman
Kaplan, Kirsch & Rockwell, L.L.P.
1675 Broadway
Suite 2300
Denver, CO 80202

Job No.    : 155026         BU ID    : 1-HOU
Case No.   : 11-CV-00859-WJM-BNB
Case Name  : Energy & Environment Legal Institute, et al. v.
             Joshua Epel, et al.
Invoice No. : 91391615      Invoice Date : 1/21/2014
Total Due  : $ 1,087.50
AFTER 3/7/2014 PAY $1,196.25

| PAYMENT WITH CREDIT CARD | AMEX MasterCard VISA |
|---|---|
| Cardholder's Name: | |
| Card Number: | |
| Exp. Date: | Phone#: |
| Billing Address: | |
| Zip: | Card Security Code: |
| Amount to Charge: | |
| Cardholder's Signature: | |

Remit To: U.S. Legal Support
Texas Records & Reporting
P.O. Box 952172
Dallas, TX  75395-2172



0909-01 ✓

## Calderwood-Mackelprang, Inc.
*Registered Professional Reporters*

**BILL TO:**

John E. Putnam, Esq.
Kaplan Kirsch & Rockwell, LLP
1675 Broadway, Ste. 2300
Denver, CO 80202

| Date | 1/31/2014 |
|---|---|
| Invoice No. | 14 47JM |

Tax ID: 84 - 1144199

| DESCRIPTION | AMOUNT |
|---|---|
| Re: Energy & Environment Legal Institute, et al. v. Epel, et al. and Environment Colorado, et al. | |
| January 22, 2014 | |
| DEPOSITION OF THOMAS TANTON, VOLUME II | 636.40 |
| Copy transcript preparation, 296 pgs. - E-Transcript Only | |
| Exhibits, 226 pgs. - scanned & emailed | 45.20T |
| City of Denver Sales Tax | 1.64 |

**NET 30 DAYS**
**THANK YOU!**

**Total** **$683.24**

We accept credit cards.

7150 E. Hampden Avenue, Suite 303 • Denver, Colorado 80224 • Tel 303.477.3500 • Fax 303.477.4385
calmack@calmack.com • www.calmack.com